CRESWELL v. SMITH.

1. MORTGAGE.—DEED AND LEASE under facts here, held not to constitute a mortgage. Requisites of proving deed to be a mortgage stated.
2. DEFENSES—TITLE—RENT.—A constable who has seized crops under rent lien attachment may set up title in landlord for whom he seized, in suit by third party against him for proceeds of crop, and under the deed and lease so introduced and facts, plaintiff not entitled to rent.

Before ALDRICH, J., Abbeville, October term, 1900. Reversed.

Action for proceeds of crop seized under rent lien by Thomas V. Creswell and Jane Creswell, against Robert Smith. From judgment for plaintiffs, defendant appeals.

*Messrs. Sheppards & Grier* and *Parker & Greene,* for appellant, cite: *If a deed is to be construed as a mortgage, there must be a debt:* 31 S. C., 280; 16 Ency., 780-1, 782, 785; 1 L. R. A., 243; 1 Hilliard on Mtg., p. 96, sec. 2, pp. 97-99; 42 Col., 75; 14 Pick., 467; 55 S. C., 51. *If deed and defeasance are to be held a mortgage, they must be between same parties:* 1 Hilliard on Mtg., p. 98; 15 Ency., 790; 14 Pick., 480. *Evidence must be clear and unequivocal:* 31 S. C., 280; Rich. Eq., 153; 52 S. C., 54; 55 S. C., 51. *Plaintiffs must show notice to defendant of their lien:* 53 S. C., 137. *Measure of damages was impairment of plaintiff's security:* 53 S. C., 137; 45 S. C., 642.

*Mr. Wm. N. Graydon,* contra, cites: *There being no new or other consideration for this deed and lease, than the original mortgage, they make up a mortgage still:* 26 S. C., 371; 21 S. C., 392; 28 S. C., 371; 41 S. C., 163; 45 S. C., 41; 55 S. C., 73; Jones on Mtgs., sec. 248; 15 Ency., 779. *There being some testimony on material facts, nonsuit could not be granted:* 26 S. C., 544; 25 S. C., 24; 31 S. C., 125. *Grounds for nonsuit not made before Circuit Judge cannot*

*be urged here:* 54 S. C., 203; 36 S. C., 609; 26 S. C., 258. *Point not made below and not ruled on will not be considered here:* 40 S. C., 533; 42 S. C., 353. *Attornment by tenant to stranger is void:* 59 S. C., 115; Rev. Stat., 1929; 20 S. E. R., 193.

October 3, 1901. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant, as constable for Magistrate Price in Abbeville County, seized two bales of cotton as the property of Henry Cox, by virtue of a warrant issued by said magistrate under an agricultural lien for rent, at the instance of A. T. Robinson, claiming as landlord. The tenant, Cox, raised no question. The plaintiffs, however, appeared before the magistrate and claimed that the cotton should be turned over to them for rent, as owners of the premises. Under an issue framed by the magistrate between the Creswells and Robinson, the jury found in favor of Robinson's claim, but on appeal to the Circuit Court, these proceedings were set aside and the case remanded to the magistrate, the Court holding that the magistrate had no right to try such issue in such proceedings, and that the Creswells should proceed by summons and complaint. No appeal was taken from that judgment. This action was then commenced by the plaintiffs to recover of the defendant, Smith, damages equal to the proceeds of the sale by him of the said cotton so seized, amounting to $52. The case was tried before Judge Aldrich and a jury. The jury found a verdict for the plaintiff, and from the judgment thereon is this appeal.

The only witness examined in the case was the plaintiff, T. V. Creswell, who testified substantially that the land belonged to his wife, Jane Creswell; that they were in possession of it; that they rented land to the said Henry Cox for the year 1898, including the forty acres hereinafter referred to, for 1,000 pounds of lint cotton; that when he went to collect the rent, in the fall of 1898, Cox refused to give the

cotton up; that thereafter the defendant, Smith, seized the two bales of cotton and sold it. On the cross-examination, the execution thereof being admitted, defendant's counsel read and introduced in evidence a deed by Jane B. Creswell, dated March 11, 1893, conveying to A. T. Robinson and Thomas M. Dendy, their heirs and assigns, a tract of land, containing forty acres, described therein. The deed recites that it was "in consideration of the sum of $240.36, to me in hand paid, &c." The deed further recites that "there is no subsisting lien of any kind whatever" upon said premises. Defendant at the same time introduced in evidence, executed on the same day of the execution of the deed, the following indenture between A. T. Robinson and T. M. Dendy, of the first part, and Jane B. Creswell and T. V. Creswell, of the second part:

"State of South Carolina, Abbeville County. This indenture, made and entered into this day, between A. T. Robinson and T. M. Dendy, of the first part, and Mrs. Jane B. Creswell and T. V. Creswell, of the second part, witnesseth:

"First. That the party of the first part have this day bought a certain parcel of land from the party of the second part, for and in consideration of the party of the first part paying to the party of the second part the sum of $242.36. Said amount being the amount of a certain note and mortgage given by Mrs. Jane B. Creswell to the parties of the first part, on the 12th day of May, 1891, with interest to date.

"Second. That the parties of the first part have this day leased unto the party of the second part, the said parcel of land, said to contain forty acres, more or less, for a term of five years, for and in consideration of the party of the second part paying to the party of the first part the sum of $30 for each year, which amount shall be due and payable on or before the first day of November of each year.

"Third. That it is further agreed by the parties of the second part, that if they shall for any cause or reason refuse

37—61

or fail to pay the said stipulated rent of $30 as it shall become due and payable, then this lease shall be considered as cancelled and no longer in force.    And the party of the first part shall have the right to take possession of the said parcel of land on the first day of January following the failure to pay the annual rent as it shall fall due.

"Fourth.  That it is also further agreed by the parties of the first part, that if the said parties of the second part shall at any time within the said five years for which the land is leased, pay or cause to be paid to the parties of the first part, the amount of the purchase money of the land, $240.36, with interest at eight per cent., they hereby obligate and bind themselves, their heirs and assigns, to make good and perfect titles to the party of the second part, and to accept any amount that shall have been paid as rent as part payment of the purchase money and interest that may be due on same when the payment shall be offered."

Creswell testified that he had paid rent for the years 1893, '94, '95 and '96; that he paid no rent for 1897; that in the spring of 1898, Jim Dendy, a brother of Thos. M. Dendy, named in the deed, who was then dead, agreed to give him "the papers" for $75; that Robinson would not agree to a settlement.    Mrs. Creswell, the grantor, did not testify at all.    Defendant moved for a nonsuit, on the ground that Robinson and Dendy were the owners of the premises; that the lease to the Creswells had expired, and that plaintiff had entirely failed to show any title in themselves in the forty acre tract or any right to the rent of the same; but that, on the contrary, the testimony showed that Robinson and Dendy were entitled to the rental thereof for the year 1898. The Circuit Court refused the nonsuit, construing the papers above in connection with the testimony as a mortgage. Upon this ruling, defendant's counsel said he would offer no testimony, and that he would allow a verdict without offering any testimony.    The Court instructed the jury, "that said deed was in law nothing but a mortgage, and gave them (Robinson and Dendy) no right to collect rents."    The

practical question before us is whether the Court erred in so construing the papers in evidence. We think the Court erred in this.

While it is true that a deed absolute on its face may be shown in equity to be a mortgage, the evidence should be clear to that effect. In this case there was no evidence that the parties intended otherwise than expressed in the papers. By these it is clear that the parties intended an absolute conveyance, with an agreement to lease and recovery upon the payment of a specified sum. The consideration of the deed was the cancellation of the then existing mortgage debt. In the absence of positive evidence, it is unreasonable to suppose that the parties having already a mortgage should merely intend to substitute another for the same amount. It is shown in *Hodges* v. *Weeks,* 31 S. C., 281, which quotes with approval from 3 Pomeroy Eq. Jur., 1195, that the fundamental characteristic of a mortgage is that it is a security for a debt, that a debt is essential to a mortgage. In this case the mortgage debt was extinguished by the conveyance, and no liability remained on said debt which Robinson and Dendy could enforce. The Creswells did not agree to pay anything absolutely except the stipulated rent, which is wholly inconsistent with the view that they retained titles to the premises. The case of *Brown* v. *Bank,* 55 S. C., 70, shows that in the absence of clear, unequivocal and convincing evidence, the presumption will prevail that a deed of conveyance is what on its face it appears to be. The indenture of same date in all its provisions is consistent with the deed absolute on its face, and there is no extrinsic evidence to the contrary.

Responding to certain grounds upon which respondents seek to sustain the judgment, we hold: (1) That the defendant had the right to avail himself of the defense that Robinson was the real landlord in defeat of the claim set up by plaintiff. (2) To this end it was proper to allow the deed and indenture to be introduced in evidence after execution admitted. (3) The deed being an

absolute conveyance and the lease having expired, either at the end of 1897 by the default in paying the stipulated rent of that year, or on March 11, 1898, the termination of the five year limit of the lease, the plaintiffs were not entitled to the rent due for the year 1898, especially as against one holding at the instance of the true owner.

We do not direct a nonsuit, because it appeared that Cox rented land of the plaintiff outside the forty acre tract, and it does not clearly appear whether the cotton seized was wholly grown upon said forty acre tract. We set aside the verdict and judgment thereon because of the ruling and charge that the deed in question was a mortgage, and that Robinson and Dendy had no right to collect rent.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.