9053

BRYAN v. BOYD *ET AL.*

(84 S. E. 992.)

Appeal and Error. Mortgages. Evidence.

1. Appeal and Error—Harmless Error—Referee's Statement.—It is not reversible error for a referee to state too strict a rule, if the true rule shows that the appellant is not entitled to the relief for which he asks.

2. Mortgages—Absolute Deed as Mortgage—Security for Debt.—A conveyance intended as a security for a debt is a "mortgage," whatever may be its form.

3. Mortgages—Absolute Deed as Mortgage—Presumption.—A conveyance absolute in form is presumed to be an absolute conveyance, and, to establish its character as a mortgage, the evidence must be clear, unequivocal, and convincing.

4. Mortgages—Absolute Deed as Mortgage—Sufficiency of Evidence—"Redeem."—Evidence, in a mortgagor's action to redeem land purchased by a mortgagee on foreclosure sale, *held* not sufficient to show that the sheriff's deed was a mortgage, so that plaintiff might redeem; "redeem," in a popular sense, meaning to buy back, recover by purchase, repurchase.

5. Deeds — Mortgage — Redemption — Evidence. —Where a mortgagee became a purchaser of the mortgaged lands at a judicial sale, under proceedings for foreclosure of the mortgage and received a conveyance absolute in form, and entered into possession of the lands, and

the mortgagor delayed until after the lapse of years and the death
of such purchaser to assert a right to redeem, and there is no proof
of 'an obligation on the part of the mortgagor to pay any debt or
definite sum to such purchaser; the conveyance will not be held to
have been a mortgage, because of a parol agreement by the purchaser
to allow such mortgagor to repurchase such lands, when able, at some
indefinite time in the future.

Before GARY, J., Kingstree, March, 1914. Affirmed.

Action by James Bryan, plaintiff-appellant, against M. L.
Boyd, J. D. Boyd, E. A. Cooper, M. L. McElveen, Emma
Marshall, W. T. Evans, C. F. Bryan, Minnie Bryan, Bluma
L. Boyd, Sidney Loryea, Horace Loryea, Hazel Loryea,
J. J. M. Tisdale, H. E. Tisdale, W. L. Tisdale, J. M. Tis-
dale, H. E. Tisdale, W. L. Tisdale, J. M. Tisdale, Tina
Nexsen, Estelle McCrea, Emma Brown, Eloise Brown,
Mott Tisdale, Nathan Tisdale, Cenie Boyd, Ellen Cantley,
Carrie Tisdale, Edith Tisdale, Iva Tisdale, J. J. Marshall,
W. D. Bryan, J. B. Files, S. B. McGill and M. L. Boyd
and J. M. Tisdale, as executors of the last will and testa-
ment of D. Z. Martin, deceased, defendants-respondents.

From a decree dismissing the complaint, the plaintiff
appeals. The facts are stated in the opinion.

*Messrs. Kelley & Hinds,* for appellant, cite: 37 S. C.
489; 21 S. C. 392; 81 S. C. 463; 1 McM. Eq. 1; 27 Cyc.
993; 70 S. E. 942; 137 Am. St. Rep. 417; 117 Am. St. Rep.
412; 115 Am. St. Rep. 596; 1 Hilliard, Mortgages, 52;
1 Jones, Mtges., 3d ed., 242, 243; 2 Story Eq. Juris., p.
216, sec. 1018; 3 Pom. Eq. Juris. 172; 54 S. C. 191; 70
S. C. 65; 41 S. C. 163. *Description of debt:* 27 Cyc. 1023,
1059, 1083; Jones, Mtges., sec. 343; 15 A. & E. Enc. of
L. 783; 7 Cranch. 218; 12 How. 139; Pomeroy Eq. Juris.,
sec. 1195. *Evidence sufficient:* 70 S. C. 108; 21 S. C.

FOOTNOTE.—See note in 1 L. R. A. 240 and 241, as to transactions con-
stituting a sale, and not a mortgage.

292; 1 McC. Ch. 119; 19 How. 289; Jones, Mtges., secs. 278, 324, 329; 12 Wall. 323. *Right of plaintiff to an accounting by mortgagee for rents:* 27 Cyc. 1029, 1031.

Mr. Louis W. Gilland, for respondents, cites: *Proof must be clear:* 27 Cyc. 1005; 64 S. C. 177; 24 S. C. Eq. .(3. Rich. Eq.) 153; 52 S. C. 54; 55 S. C. 51; 90 S. C. 490; 97 S. C. 362; 99 S. C. 31. *Real test existence of debt or obligation:* 31 S. C. 276; 3 Pom. Juris. 1195. *Burden of proof:* 54 S. C. 184. *Findings of fact by referee and Judge:* 45 S. C. 60; 96 S. C. 392; 94 S. C. 81; 92 S. C. 511; 91 S. C. 437; 58 S. C. 240; 83 S. C. 190.

April 7, 1915.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action to redeem. The appellant owned an interest in a tract of land. The appellant gave two bonds which were secured by two mortgages executed by appellant and his cotenants. The mortgages were foreclosed and the premises ordered to be sold. On the day of sale the appellant and one D. Z. Martin, one of the mortgagees, had a conference and as a result of that conference Mr. Martin bought in the land, deed dated 14th December, 1899. This was a deed from the sheriff.

Several witnesses said that Mr. Martin said he had bought in the whole land and if Mr. Bryan ever got able to redeem it he would let him have it back. Mr. Martin died 14th March, 1908. This action was commenced 2d January, 1911. The land brought enough to pay the debts and about one hundred and two dollars more. This Mr. Bryan and his cotenants turned over to Mr. Martin. Mr. Martin was the bachelor uncle of Mr. Bryan's wife, and there is but little doubt that he intended at the time of the sale and afterwards to allow Mr. Bryan to purchase it from him when he "got able."

There were several houses on the place, one of which was used by Mr. Bryan. All the property, except this small portion actually occupied by himself, Mr. Bryan turned over to Mr. Martin. Mr. Martin collected the rent for it.

The issues were referred to a referee who found that there was not sufficient evidence that the deed from the sheriff to Martin was intended as a mortgage. On exceptions to the referee's report the cause was heard by his Honor, Judge Frank B. Gary. He sustained the referee's report and from this decree this appeal is taken.

Appellant's argument contains the following:

"These exceptions will be first discussed, because they raise the question which, in our opinion, should first be disposed of, to wit: Whether or not a deed executed by an officer under an order of Court can in a proceeding like this be declared a mortgage. From a review of the record in this case the Court will perceive that this question has cast a shadow upon all the other issues and prevented the referee and his Honor, the presiding Judge, from giving to the merits of the case the careful consideration and mature deliberation which they deserve. If this Court concluded that the referee and the presiding Judge erred in passing upon this question, we are relieved of the disadvantage under which we would otherwise labor on account of the concurrence of the referee and the presiding Judge in the conclusions of fact.

We contend that the referee and the presiding Judge both erred in holding that the deed in question cannot be declared a mortgage, because it was executed by the sheriff of Williamsburg county under an order of Court to sell and convey the land in question."

There are twenty-five exceptions, covering twelve pages of the case. There is just one issue, to wit: Is there sufficient evidence that the deed from the sheriff to Martin was intended as a mortgage?

Judge Gary held very clearly "chancery suffers itself to feel little embarrassed with the forms which any transaction may assume," and his decree was not clouded by the form. It is not reversible error for the referee to state too strict a rule if the true rule shows that the appellant is not entitled to the relief for which he asks. The true rule is that a conveyance that is intended as a security for a debt, is a mortgage, whatever may be its form, but where the conveyance is absolute in form then it is equally true that the presumption is that the deed is what on its face it purports to be, an absolute conveyance, and to establish its character as a mortgage the evidence must be clear, unequivocal and convincing, for otherwise the natural presumption will prevail.

See *Williams* v. *McManus,* 90 S. C. 493, 73 S. E. 1038, and *Brownlee* v. *Martin,* 20 S. C. 400.

Where there is a conveyance and an agreement to reconvey taken at the same time, as in *Brown* v. *Bank,* 55 S. C. 70, 32 S. E. 816, it was held that "whether any particular transaction amounts to a mortgage or an absolute sale with an agreement allowing the vendor to repurchase the land, at a special price, within a time limited, must, to a large extent, depend upon its own special circumstances. Here also the proof that the transaction was intended as a mere security for a debt must be clear, unequivocal and con vincing."

In this case, all that is claimed is that Mr. Martin took the title and agreed to allow the appellant to purchase it from him. The time allowed for a reconveyance was indefinite. It is only an inference from the relationship of the parties that the price of the reconveyance would have been the purchase price. The appellant was entitled to possession, as against all the world, but his cotenants, of the whole tract. Immediately after

the sale the appellant surrendered his possession of all but a very small part to Martin. If this transaction was intended as a mortgage, then the appellant was entitled to possession and rents until default. The expressed intention of Mr. Martin to provide a home for the appellant and his wife, fully accounts for possession of that part retained by appellant. The testimony is not all one way as to whether the appellant was to, and did, pay rent or not. There is no evidence that any claim of right was asserted during the life of Mr. Martin. Years have elapsed without any assertion of claim. It cannot be said that the evidence is "clear, unequivocal and convincing," that the deed was taken as a security for a debt and, therefore, that the absolute deed is a mortgage.

The relationship of debtor and creditor between Mr. Bryan and Mr. Martin was extinguished by the foreclosure sale, and if the relation existed after the sale it must have been created by some other agreement and there is not one word of testimony to show that Mr. Bryan ever agreed to assume a debt (except rent) to Mr. Martin on account of the sale. Even if it be true that Mr. Martin bought in the property intending to allow Mr. Bryan to repurchase it at a subsequent date, that did not create the relationship of debtor and creditor. There was no debt and hence nothing to secure. There is no room for holding that there is suspicion of oppression, because Mr. Bryan's brother was there ready to buy, and Mr. Martin seems to have faithfully carried out his agreement to allow Mr. Bryan ample time to buy it back, if he could have done so, but he could not, and did not. This Court is not only asked to declare this absolute deed to be a mortgage, but to find that the verbal agreement does not mean what it plainly says. Much stress is put on the word "redeem." Mr. Martin was not a lawyer. "Redeem," in popular use, means (1) to buy back; recover by purchase; repurchase. Cent. Dictionary.

The failure of appellant to establish the controlling fact in this case, renders the other questions academic, and they do not properly arise.

The judgment appealed from is affirmed.