### 10228

*IN RE* CREECH.

PATTERSON v. BRITISH & AMERICAN MORTGAGE CO. *ET AL.*

(99 S. E. 828.)

1. MORTGAGES — FORECLOSURE — PETITION TO SET ASIDE SALE — SUFFICIENCY OF EVIDENCE.—On petition by mortgagor, who had defaulted in foreclosure action and who had knowledge of foreclosure sale to have mortgage sale vacated and set aside, evidence *held* insufficient to establish agreement of mortgagor with purchaser whereby purchaser agreed not to bid, and agreement with junior mortgagee whereby third party agreed to purchase property for mortgagor.

2. MORTGAGES—FORECLOSURE—DEFAULT — REFERENCE.—It is competent for Circuit Judge to grant relief in default cases when in chancery with or without reference, as he may deem proper.

3. MORTGAGES—FORECLOSURE—GROUNDS FOR VACATION—ASCERTAINMENT OF MORTGAGOR'S INDEBTEDNESS.—Failure of Court to determine mortgagor's indebtedness before decreeing sale is not ground to vacate sale when objection to the decree could have been made before the sale.

4. JUDICIAL SALES—SETTING ASIDE.—It is the policy of the law to maintain judicial sales whenever it can be done without violating principles or doing injustice.

5. MORTGAGES—FORECLOSURE—VACATION OF SALE—DEFAULT BY MORTGAGOR. — Where mortgagor defaulted in foreclosure action, and where he had knowledge of foreclosure sale, and had more than a year between commencement of action and the sale within which to obtain funds wherewith to discharge mortgage indebtedness, foreclosure sale will not be vacated for purpose of giving mortgagor opportunity of appearing before master to see that only true amount of mortgage indebtedness was charged against him.

Before TOWNSEND, J., Barnwell, Fall term, 1918. Affirmed.

Action by A. B. Patterson against the British and American Mortgage Company, R. B. Creech, and C. F. Rizer. Judgment of foreclosure and sale, and subsequent to sale defendant, R. B. Creech, petitions to have sale vacated and set aside, opposed by H. Grady Boynton, purchaser. From judgment confirming sale, defendant, R. B. Creech, appeals.

The petition of defendant, R. B. Creech, who was mortgagor, was based upon the ground that he had lost his home by a scheme on the part of purchasers and other defendants to lull him into believing that he would be taken care of by purchaser and a junior mortgagee, and that purchaser had agreed not to make bid, and such mortgagee had agreed to bid in and buy property for him, but that, in violation of agreements, such mortgagee had not bid for property, and purchaser had purchased for himself.

Following is the order of Judge Townsend containing reasons referred to in opinion:

The above entitled action was commenced by service of the summons and complaint on the defendant, R. B. Creech, on October 19, 1916, and on the other defendants near the same time. Creech defaulted, and served no notice of appearance, answer or demurrer. The other defendants answered, setting up their claims as mortgage creditors referred to in the complaint, and joining the prayer. The action was upon a liquidated demand, notes secured by mortgage, and sought the foreclosure of the mortgage, the sale of the lands, and the application of the proceeds of sale to the debts secured. Affidavit showing the default of Creech was made December 2, 1917, the Court made a decree of foreclosure directing the sale of the land on sales day in January, 1918, and the sale was advertised by the master for that time. Creech saw the advertisement, or heard of it, and acquiesced in it, and states that he undertook to protect himself by arranging to get Rizer to bid it in for him, and he further testifies that Rizer agreed and promised to do so, and told him that he would take care of him. Creech does not state the amount that he was to bid, and Rizer denies that he made any such agreement with Creech. The special master reports and finds that the agreement is not proven to have been made by Rizer. Creech also testifies that he informed Boynton of the alleged arrangement with Rizer, and asked Boynton not to bid on the property, and that he promised not to. Creech produces another witness, B. M. Jenkins, Jr., who corroborates this testimony. Boynton denies it, and the special master finds the promise is not proven. Creech took no other steps to prevent the sale, and relied on Rizer to buy the property for him. Rizer and G. C. Best, Jr., bid on the property at the sale. Best bid to $1,500; Rizer to $1,800 or $1,900; and the property was knocked down to Boynton as purchaser (through his brother acting for him in the bidding) at $2,200. The special master finds this was the full value of the property.

On January 26, 1918, Creech filed a petition asking that the sale be vacated and set aside, and a resale ordered after Creech should have had an opportunity to appear before the master and see that only the true amount of the mortgage indebtedness was charged against. Judge Rice issued an order returnable at the February, 1918, term of this Court requiring the other defendants and purchaser to show cause why the prayer of the petition should not be granted. The matter was referred by the Court to Hon. Charles Carroll Simms, as special master, to take testimony and report his finding of fact and conclusions of law. He took and reported such testimony, finding, and conclusions September 23, 1918. The matter came before me on the exceptions taken by Creech to that report at the December, 1918, term of the Court.

I have given the matter careful consideration, for, as said by the late Chief Justice Pope, delivering the opinion in *Ex parte Lancaster,* 46 S. C. 279, 280, 24 S. E. 195, 197: "If there is a matter that more concerns justice than another, it is that duty of Courts to prevent imposition upon the unfortunate; and whenever wrongdoing, such as fraudulent combinations to chill or stifle fair competition at judicial sales, is made to appear, instantly a duty is laid upon Courts to root it out, to lay it bare, and to set it aside. * * * But, while Courts should be stern in the punishment of wrong, they should be as fearless in the protection of innocence, when such charge is made without sufficient ground therefor."

Mr. Creech, in his anxiety to retain the possession of his mortgaged property, after realizing he had no defense to the action for foreclosure, construed his conversations with Rizer and Boynton as establishing the alleged agreements with them for his protection. But, even when supported as to the promise by Boynton by the testimony of Jenkins, the testimony is insufficient to establish the agreements as against Rizer and Boynton. The alleged

written agreement does not appear to have been signed by Rizer, and the testimony is too indefinite to show the terms of the written instrument which Creech says he signed at Rizer's request in Barnwell. I, therefore, overrule the exceptions to the master's report.

It is significant, as pointed out in *Ex parte Lancaster,* 46 S. C. 280, 24 S. E. 195, that there is no proof that any single individual stood ready at the time of the sale to pay one dollar more for this property than was bid by Boynton, nor that any one was deterred from bidding by the alleged agreement with either Rizer or Boynton. The mortgagor had more than a year between the commencement of the action and sale of the property, and it does not appear that he had any means to pay the mortgage indebtedness; therefore he relied on Rizer.

The point was made on the hearing before me that the sale should be set aside, and the property not sold until after the mortgagor could appear before the master and see that he was only charged with the true indebtedness.

The fact of some indebtedness as alleged in the complaint, which was upon a liquidated demand, was admitted by the default to answer. *Bryson v. Whilden,* 55 S. C. 467, 32 S. E. 558. It is competent for the Circuit Judge to 2, 3 grant relief in default cases, when in chancery, with or without reference, as he may deem proper. *Johnson v. Masters,* 49 S. C. 526, 27 S. E. 474. The mortgagor does not deny having given the notes and mortgages, and does not set up payment, or other defense. It was not to be presumed necessary to calculate the amounts due on the notes and mortgages for his information. It was hled in *Benjamin v. Drafts,* 44 S. C. 430, 435, 436, 22 S. E. 470, not to be error on the part of Judge Fraser to make a decree for foreclosure and sale of mortgaged property without waiting on a reference to determine the amounts due on the mortgages, and their relative priorities. But, if error, it would not be a ground to vacate the sale, when the objection to the decree

could have been made before the sale, and the objection comes too late after the sale is had. *Muckenfuss v. Fishburne,* 68 S. C. 44, 46 S. E. 537.

The Court ordering the sale had jurisdiction of the subject matter, and all proper parties were before the Court when the order was made.

"It is undoubtedly the policy of the law to maintain judicial sales, whenever it can be done without violating principles or doing injustice; and in this view it is held that a purchaser at such sale is in no way responsible for mere irregularities in the proceedings, or even error in the judgment, under which the sale is made." *Tederall v. Bouknight,* 25 S. C. 280.

It is, therefore, ordered that the sale by the master of the premises ordered sold in this action, made to the respondent, H. Grady Boynton, on sales day in January, 1918, be, and the same is hereby, confirmed, and that upon production of the master's deed and of this order or certified copy of this order, he be let and placed in possession of such land and premises.

It is further ordered that the costs and disbursements in this proceeding be taxed against the mortgagor, Creech, and paid out of the proceeds of sale in the hands of the master.

*Mr. J. E. Davis,* for appellant.

*Messrs. Holman & Boulware,* for respondent.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Townsend, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

. Judgment affirmed.