12497

YOUNG v. KRELL

(144 S. E., 512)

*Mr. Wm. W. Hawes,* for appellant,

*Messrs. Cooper & Winter,* for respondent,

September 17, 1928.

The opinion of the Court was delivered by Mr. Justice Stabler.

The facts in this case are set forth in the circuit decree, which will be reported, and from which the plaintiff has appealed. We are satisfied with Judge Grimball's conclusion, but do not agree, in certain respects, with the reasoning by which it was reached.

The trial Court expressed, in paragraph 6 of the decree, a doubt as to whether "parol testimony is admissible in a suit of this kind, where the gist of the action is a direct attack upon the validity of a Referee's deed growing out of a foreclosure suit," but gave the plaintiff the benefit of the doubt and admitted the testimony. We do not understand that in this case any attack is made upon the "validity" of the Referee's deed. The purpose of the action, as stated elsewhere by the Circuit Judge, was to have a deed absolute on its face declared a mortgage, and its basis was an alleged oral agreement, forming no part of the foreclosure proceeding.

In so far as the Court's authority to declare a deed to be a mortgage, and the admission of parol testimony for that purpose, are concerned, there is no distinction between a deed executed by an individual and one executed by an officer under order of the Court. In 19 R. C. L., at page 252, it is very aptly said:

"The rule that a deed absolute on its face may be shown by parol to be a mortgage does not generally depend for its application on the circumstance that the grantor in the deed and the alleged mortgagor are one and the same person. * * * Thus it may be provided (proved?) by parol that a deed was given to the grantee therein, not to vest in him the full title, but to secure the repayment to him of sums he had advanced to a third person, to be used by such third person in purchasing for himself the property conveyed. Similarly the proposition finds general support that parol evidence is admissible to show that a person who purchased

property at a sale made in the course of judicial proceedings, or in the exercise of a power conferred by a deed of trust, or for a default in the payment of taxes, did so in pursuance of an antecedent understanding with the owner that the title to the property was to be taken and held as a security for the money expended on the purchase."

See, also, 27 Cyc., 993. *Bryan v. Boyd*, 100 S. C., 397; 84 S. E., 992.

> In paragraph 7 of his decree the Circuit Judge says: ▉ "This Court takes the position that a Referee's deed

is so much a part of the judicial acts and functions of the Court itself that this Court should hesitate to declare the deed in question a mortgage, unless the evidence presented by the plaintiff is clear and convincing to the contrary."

The appellant admits that his case was "properly classified by the trial Judge as one to have the Referee's deed declared a mortgage," but contends that the Judge "erred in holding that stricter proof was required in such a case than in one where the deed in question was not a deed under the order of the Court."

The rule announced by the trial Judge undoubtedly is based upon "the policy of the law to maintain judicial sales, whenever it can be done without violating principles or doing injustice," *Patterson v. B. & A. Mortgage Co.*, 112 S. C., 205; 99 S. E., 828. *Tederall v. Bouknight*, 25 S. C., 280. We think that this rule applies to attacks made upon proceedings which eventuate in judicial sales, or upon the sales themselves, rather than to an effort to have a judicial deed construed in the light of an arrangement foreign to the record, and no evidence of which is found therein. As has already been shown, the plaintiff in this case is not seeking to attack the foreclosure proceedings under which the Referee's deed was made, or to set aside the sale of the property, but is merely seeking to have the Court declare the deed a mortgage in accordance with an alleged extraneous

private arrangement. But, even though a Court deed imports no greater sacredness in such case than that of an individual, still we find no error in the trial Judge's statement of the rule that, in order to declare the deed in question a mortgage, the evidence presented should be clear and convincing, since this degree of proof is required in any case seeking such construction of a deed. *Bryan v. Boyd, supra.*

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (dissenting) : I agree with the declaration in the opinion of Mr. Justice Stabler, in substance, that where a deed is executed and delivered by the Master, upon a sale in foreclosure, to the purchaser, and a third person makes a claim that, *as between him and the purchaser,* the deed was intended as a mortgage, although absolute upon its face, the contest is not at all complicated by the fact that the deed was the result of a judicial proceeding; that the attack is in no sense an attack upon the integrity of such proceeding, but is subject to the rule in ordinary cases, which requires the proof to be clear, unequivocal, and convincing. *Brown v. Bank,* 55 S. C., 51; 32 S. E., 816. *Creswell v. Smith,* 61 S. C., 575; 39 S. E., 757. *Hutchinson v. Turner,* 88 S. C., 318, 70 S. E., 410, 806. *Bryan v. Boyd,* 100 S. C., 397; 84 S. E., 992.

In view of the apprehension of the Circuit Judge, inconsistent with the foregoing declaration, which engendered a doubt even that parol evidence was admissible at all to sustain the contention of the claimant, it appears to me that the mental attitude of his Honor was, in a case like the present one, to require proof greater than that which was clear, unequivocal, and convincing, practically beyond a reasonable doubt, and that consequently his conclusion is not entitled to the weight which would ordinarily be accorded the finding of fact by a Circuit Judge in an equity

case. Consequently I feel free to discuss the evidence, uninfluenced by such conclusion.

It seems to me that the evidence meets the requirements of the rule; that it is clear, unequivocal, and convincing; that the transaction was a loan, secured by the Master's deed to the defendant, construed as a mortgage. The plaintiff's home was under mortgage to a Mrs. Trotti; his wife had left him, "gone with a handsomer man," perhaps; he had an idea that a foreclosure proceeding would clear the title of any claim which she might set up in the property. It appears beyond doubt by the testimony of Mr. Trotti, who represented the mortgagee, that Young, the mortgagor, instigated the foreclosure for the purpose above indicated. His testimony is that he applied to the defendant to buy the property in for him at the sale; he obtained from Trotti a statement of the amount necessary to clear the Trotti mortgage and costs, and gave the figures to the defendant, $425; the defendant bid off the property at that figure and complied, taking a deed from the Master, as the plaintiff testified, under an agreement to allow him two years within which to pay the debt, $425, with 8 per cent. interest. The defendant makes an exceedingly weak and evasive denial of this testimony.

If this were all, there would be some doubt of the testimony being clear, unequivocal, and convincing. But what appears to me to "pin the basket" upon the defendant is the testimony of Mr. Dent, County Auditor. He testified that, soon after the sale, Young and Krell came into his office to see about the assessment of the property for taxation. It then stood upon his books in the name of Young. His testimony was in effect that it was understood and agreed between them that it should remain in Young's name, he paying the taxes:

" * * * We had an understanding in this particular matter, and this colored man *was to have an opportunity to redeem this land,* and both parties were present and requested

that I do it that way. * * * He said he would give him an opportunity to redeem the land. * * * I took it to mean that Mr. Krell would give him a chance to redeem it, but I think he used the words 'give him an opportunity to redeem it.' * * * Yes; I knew the land belonged to Mr. Krell, but I thought he might pay him the money back, with interest. * * * Mr. Krell did say that he was going to give him a chance to redeem this land, or buy it back, and that Mack [Young] could pay the taxes. * * * It was understood that it stay in Young's name, that Mack [Krell?] would give him an opportunity to redeem it. * * * I meant by that he would redeem the land back to him, so that he could get possession of it after paying the principal and interest to Mr. Krell."

The defendant made no denial of Mr. Dent's statements, except to say that what he meant was that he would sell it back to Young upon indefinitely stated terms, at a profit of $100. Young continued in possession of the property, and is in possession still. He paid the taxes for 1923, 1924, and 1925, and made, as he claims, various payments upon the obligation.

The defendant contends that Young's occupancy was as a tenant at $10 per month, yet not a single one of the dozen receipts mentions such a relation; they all stated "on account," which indicates an outstanding obligation, and not rent. His effort to connect the receipts with store accounts is not at all convincing. He admits that many of these accounts were closed by checks upon a bank, in which Young had no deposits, scheming for a prosecution under the bogus check law, *in terrorem,* as an aid to collection.

The case has not by any means a fragrant odor from the defendant's quarter. I think that the judgment should be reversed, and the case remanded to the Circuit Court, for the purpose of stating the account between the parties, and a decree of foreclosure for the defendant in the amount ascertained to be due to him.